UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

Case No. SACV 13-00618-CJC(ANx)            Date: April 22, 2013

Title: HSBC BANK USA, NATIONAL ASSOCIATION V. NINA NGUYEN, ET AL.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                    None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

       Plaintiff HSBC Bank USA, National Association ("Plaintiff") filed this state law action for unlawful detainer against Nina Nguyen and Marilyn Acosta in the Superior Court of the County of Orange on March 19, 2013, seeking less than $10,000 in damages. Plaintiff seeks possession of the property at 8366 Terranova Circle, Huntington Beach, California, which was sold to Plaintiff at a Trustee's Sale on January 17, 2013. On April 18, 2013, Ms. Nguyen, acting pro se, removed the action to federal court alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Dkt. No. 1. [Notice of Removal].) For the following reasons, the Court, on its own motion, **REMANDS** this action back to state court.

       The party removing an action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). In a case removed from state court, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00618-CJC(ANx)            Date: April 22, 2013
                                                                                Page 2

federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  A cause of action arises under federal law only when a federal question appears on the face of the plaintiff's well-pleaded complaint.  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

       Ms. Nguyen has failed to meet her burden of establishing federal jurisdiction.  This case appears to be a straightforward action for unlawful detainer, a state-law claim.  Ms. Nguyen alleges that a federal question arises because she was denied her due process rights at the time of the Trustee Sale, in violation of several federal statutes.  Specifically, she alleges the Trustee Sale was not conducted in conformity with 12 U.S.C. §§ 3708, 3710, and 3755.  These code sections, however, provide procedures under which the Secretary of Housing and Urban Development may foreclosure multifamily and single family mortgages.  12 U.S.C. §§ 3703, 3753.  They are therefore not applicable to this case.  Even if these code sections were applicable to this case, they would only arise in the context of a defense or counterclaim, neither of which can form the basis for federal jurisdiction.  *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002); *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987).  Here, there are no federal questions on the face of Plaintiff's well-pleaded Complaint, and therefore there is no federal question jurisdiction.

       For the foregoing reasons, the Court **REMANDS** this action to state court.

mtg

MINUTES FORM 11
CIVIL-GEN                                                                Initials of Deputy Clerk MU